3
Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

In re:

**ENRIQUE L. NAVARRO and ROSABEY NAVARRO,**

Debtors.

Case No. 10-21028-A-1
DCN: SMD - 1

DATE: July 6, 2010
TIME: 9:00 A.M.
DEPT: A
COURTROOM: 28 (7th Floor)

## TRUSTEE'S MOTION TO SELL REAL PROPERTY OF THE ESTATE
### [11 U.S.C. §363]

TO: THE HONORABLE MICHAEL S. MCMANUS, JUDGE, U. S. BANKRUPTCY COURT; THE OFFICE OF THE U. S. TRUSTEE; THE ABOVE-CAPTIONED DEBTORS; AND, THE DEBTORS' ATTORNEY.

The undersigned, Susan M. Didriksen, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy estate of Enrique L. Navarro and Rosabey Navarro, (the "Debtors"), hereby requests that this Court approve the sale of the Bankruptcy's Estate's interest in the following real property:

**UNIMPROVED LAND**
**COMMONLY KNOWN AS Parcel #059-100-231**
NW ¼ SEC 27 TWP 25 N R7W
6900 Nirvana Ranch Road
Red Bluff, CA

In support of this motion, the undersigned Trustee respectfully represents the following:

1. The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on February 24, 2010, and an Order for Relief was entered thereon.

2. Susan M. Didriksen was appointed as the Interim Chapter 7 Trustee on or about February 24, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion under 28 U.S.C. sections 1334 and 11 U.S.C. section 522. This Motion is a core proceeding under 28 U.S.C. section 157(b)(2)(B) and (O).

4. The Debtors filed an amended Schedule B on February 24, 2010, and disclosed real property described as follows:

**UNIMPROVED LAND**

**COMMONLY KNOWN AS Parcel #059-100-231**

**NW ¼ SEC 27 TWP 25 N R7W**

**6900 Nirvana Ranch Road**

**Red Bluff, CA**

(hereinafter referred to as the "Land"), having a disclosed market value of $70,200. Both debtor and spouse co-own the Land with 14 other people representing a 1/8 interest. After potential marketing costs, the debtors' interest in the Land is $8,775.

5. The Debtors' amended Schedule "C" filed on June 2, 2010, claimed monetary exemptions pertaining to the Land in the amount of $3,016 pursuant to C.C.P. §703.140(b)(5).

6. The Debtors' Schedule D filed on January 16, 2010, disclosed no indebtedness nor obligations secured by the Land. There were no amendments filed for this Schedule.

7. The Debtors, through their attorney, Mr. Scott Schumaker, have presented a cash payment plan in the amount of $8,775 to purchase the aforementioned Land in an "as-is" condition from the Bankruptcy Estate as follows:

```
        $8,775.00   Debtors' Offer to Purchase the Subject Personal Property
Less:    3,016.00   Credit for Debtors' §703.140(b)(5) remaining exemption
        $5,759.00   Net Purchase Amount to be tendered by the Debtors
```

8. The Debtors propose to pay the net amount of $5,759.00 in eight equal installments of $719.88 beginning on July 15, 2010 in Cashier's Check to the undersigned Trustee for the purchase of the Land.

9. The undersigned Trustee believes that the immediate liquidation of the Subject Real Property is in the best interest of the Bankruptcy Estate. This proposed sale would also alleviate the typical costs incurred with the sale of unimproved land owned by multiple parties and any sales commission attendant to a sale. Therefore, the trustee requests the approval from this Court to sell the aforementioned Land to the Debtors for the amount of $8,775.00, less a credit in the amount of $3,016.00 representing the Debtors' claimed C.C.P. §703.140(b)(5) exemption, subject to any overbids tendered at the Court hearing.

10. At the Court hearing, the Trustee will request that the Court solicits overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $200.00 from qualified bidders who much contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within twenty-four hours after the Court hearing is concluded.

11. In the event that the Land is sold to a third party pursuant to an overbid tendered at the Court hearing, the undersigned Trustee requests authority to pay their monetary exemption on the amount of $3,016.00 directly to the Debtors from the sales proceeds representing the Debtors' remaining §703.140(b)(5) exemption.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Land to the Debtors in the manner stated herein, B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee to either pay or credit the exempted amount of $3,016.00 directly to the Debtors from the sale of proceeds of the subject Land if sold to a third party; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: June 7, 2010    /s/ Susan M. Didriksen
                       Susan M. Didriksen, Chapter 7 Trustee